UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JESSE REZENDES, *on behalf of himself and all others similarly situated*, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 22-CV-10211-AK |
| MITSUBISHI MOTORS NORTH AMERICA, INC., | ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR RECONSIDERATION**

**A. KELLEY, D.J.**

On February 9, 2023, the Court granted in part and denied in part a motion to dismiss filed by Defendant Mitsubishi Motors North America, Inc. ("Mitsubishi"). [Dkt. 27]. Two of the claims dismissed by the Court were a concealment-based Chapter 93A claim, see Mass. Gen. Laws ch. 93A, § 2, and a claim for breach of the implied warranty of merchantability. [Dkt. 27 at 17, 19]. Plaintiff Jesse Rezendes ("Rezendes") has filed a motion for reconsideration as to those two claims. [Dkt. 30]. Mitsubishi opposes reconsideration. [Dkt. 35]. For the following reasons, Rezendes' motion for reconsideration [Dkt. 30] is **DENIED**.

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citation omitted). The court may grant a motion for reconsideration only "if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant

1

can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

Rezendes first argues that the Court erred in dismissing his concealment-based Chapter 93A claim. [Dkt. 31 at 3-4]. He contends that the Court's reliance on Iannacchino v. Ford Motor Co., 888 N.E.3d 879 (Mass. 2008), was misplaced, as he "seeks property damage in addition to economic injuries," and was therefore not required to plead a "legally required standard" under Iannacchino. [Dkt. 31 at 3-4]. There are two issues with this argument. First, contrary to Rezendes' assertions, neither Rezendes' amended complaint nor his opposition to the motion to dismiss actually alleges actionable property damage. See Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc., 263 F. Supp. 2d 140, 145 (D. Mass. 2003) (noting that a "defective product" must damage "other property," and "[d]amage by a defective component of an integrated system to either the system as a whole or other system components is not damage to 'other property'" (citation omitted)). In fact, both papers explicitly state that he suffered economic injury. [See Dkt. 16 at ¶ 167; Dkt. 24 at 12; see also Dkt. 16 at ¶¶ 100, 124]. The Court already explained that Rezendes failed to provide any "actionable allegation of personal injury or property damage," and the economic injuries he did plead do not allow recovery under a concealment-based Chapter 93A claim. [See Dkt. 27 at 17]. The fact that Rezendes alleges the hood defect manifested in his car shortly after his purchase does not equate to an actionable allegation of property damage.

Second, Rezendes presents many of the same arguments now as he did in response to the motion to dismiss, and the simple fact that Rezendes disagrees with the Court's interpretation of Iannacchino is not reason to grant his motion for reconsideration. See Palmer, 465 F.3d at 30 ("Unless the court has misapprehended some material fact or point of law, such a motion is

2

normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected."); Loughlin v. Vi-Jon, LLC, No. 20-CV-11555-MLW, 2022 WL 4636848, at *5 (D. Mass. Sept. 30, 2022) ("In largely repeating previously rejected arguments, defendant has not identified any intervening change in the applicable law or persuaded the court that it made a manifest error of law." (citation omitted)).

Rezendes also argues that the Court erred in dismissing his implied warranty of merchantability claim. [Dkt. 31 at 4-5]. The Court dismissed that claim because Rezendes "[did] not plead any injury as the result of the defect other than economic loss," and "Massachusetts precludes recovery for solely economic losses on the implied warranty of merchantability, a tort-based theory of liability." [Dkt. 27 at 19]. Rezendes again argues that his claim should not have been dismissed under Iannacchino. [Id. at 4]. As explained, however, the Court already found that Rezendes pleaded only economic injury, not property damage, and the Court's application of Iannacchino was proper. [See Dkt. 27 at 15-17, 19].

Rezendes also argues again that the economic loss doctrine does not bar this claim because he "pleads a contract-based implied warranty of merchantability" under Massachusetts General Law ch. 106, § 2-314(1), not a tort-based theory of implied warranty of merchantability. [Dkt. 31 at 5]. The weight of authority suggests otherwise. Contrary to Rezendes' assertions, "[u]nder Massachusetts law, the theory of breach of implied warranty is essentially the same as strict liability in tort," Cruickshank v. Clean Seas Co., 346 B.R. 571, 582 (D. Mass. 2006) (citations omitted), and "when economic loss is the only damage claimed, recovery is not allowed in tort-based strict liability," Bay State-Spray & Provincetown S.S., Inc. v. Caterpillar Tractor Co., 533 N.E.2d 1350, 1353 (Mass. 1989). As such, "unless [a] plaintiff[] [is] able to show that [he] sustained personal injury or damage to other property, the economic loss doctrine

3

bars [his] claims for . . . breach of implied warranties." <u>Cruickshank</u>, 346 B.R. 571 at 582; <u>see</u> <u>Hooper v. Davis-Standard Corp.</u>, 482 F. Supp. 2d 157, 159 (D. Mass. 2007); <u>Fisher v. Kadant, Inc.</u>, No. 07-CV-12375-JLT, 2008 WL 11389384, at *6 (D. Mass. Nov. 19, 2008).

The Court applies the same logic here as other courts have in similar situations. For example, another court in this District found that a plaintiff's claim for breach of the implied warranty of merchantability against a manufacturer, brought pursuant to Mass. Gen. Laws ch. 106, § 2-314(1), was barred by the economic loss doctrine, as the plaintiff alleged only injury in the form of costs associated with repair and replacement of the product. See <u>Superior Kitchen Designs</u>, 263 F. Supp. 2d at 144-46. Because Rezendes seeks damages for economic loss, his claim for breach of the implied warranty of merchantability is barred by the economic loss doctrine. See <u>Sebago, Inc. v. Beazer East, Inc.</u>, 18 F. Supp. 2d 70, 89 (D. Mass. 2018) (defining "economic loss" as "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other property"); <u>see also</u> <u>Hooper</u>, 482 F. Supp. 2d at 160 ("No case has been found in which a manufacturer has been held liable where no personal injury or physical injury to property was involved, and the plaintiff's only complaint was of financial damage such as loss of business, revenue and good will." (citation omitted)).

For the foregoing reasons, Rezendes' motion for reconsideration [Dkt. 30] is **DENIED**.

**SO ORDERED.**

Dated: July 14, 2023         /s/ Angel Kelley
                             Hon. Angel Kelley
                             United States District Judge